UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re | |
| BOISE COUNTY | Case No. 11-00481 |
| | Chapter 9 |
| Debtor. | |

NOTICE OF COMMENCEMENT OF CHAPTER 9 CASE

Pursuant to 11 U.S.C. § 923, you are hereby notified as follows:

**COMMENCEMENT OF CASE:** On March 1, 2011, Boise County ("Debtor") filed a voluntary petition for relief commencing a case under chapter 9 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532. The chapter 9 case is currently awaiting assignment of the presiding judge pursuant to 11 U.S.C. § 921(b). All documents filed with the Court are available for inspection at the Offices of the Clerk of Court in Pocatello, Coeur d'Alene, Moscow and Boise, Idaho, and online at: www.id.uscourts.gov. Fees may apply for online access through the PACER service center which can be accessed through the Court's website.

**AUTOMATIC STAY:** Pursuant to 11 U.S.C. §§ 922 and 362, the filing of Debtor's chapter 9 petition operates as an automatic stay prohibiting all actions against Debtor or Debtor's property including, among other things, the enforcement of any judgment, any act to obtain property from Debtor, any act to create, perfect or enforce any lien against property of Debtor, any act to collect, assess or recover a claim against Debtor, and the commencement or continuation of any judicial, administrative or any other action or proceeding against Debtor.

**ORDER FOR RELIEF AND RIGHT TO OBJECT:** The filing of the petition constitutes an order for relief under chapter 9. 11 U.S.C. §§ 901, 921 and 301. This notice shall be deemed notice of such order for relief. Any creditor or party in interest has a right to object to the filing of Debtor's chapter 9 petition and to seek to have the chapter 9 case dismissed. Any such objection must be (1) filed with the Clerk of the Bankruptcy Court; and (2) served on Debtor's counsel, D. Blair Clark, 1513 Tyrell Lane, Suite 130, Boise, ID 83706, on or before **April 1, 2011.** It will be the responsibility of Debtor's counsel, after being served with such an objection, to obtain a hearing date for such objection and to serve notice thereof on all interested parties in the case. The filing of an objection to Debtor's petition shall be deemed to constitute a motion to vacate the order for relief, and the Court shall, after such notice and hearing, determine whether

to dismiss the petition, pursuant to 11 U.S.C. § 921(c), if Debtor did not file the petition in good faith or if the petition does not meet the requirements of Title 11, U.S.C., including 11 U.S.C. § 109(c).  If no objection is timely filed and served, the Court shall enter an order for relief under chapter 9.  11 U.S.C. § 921(d).

**MEETING OF CREDITORS:**  Unlike cases under other chapters of the Bankruptcy Code, chapter 9 does not provide for a meeting of creditors.

**PROOF OF CLAIM:**  Pursuant to 11 U.S.C. § 924 and Federal Rule of Bankruptcy Procedure 1007(a) and (e), Debtor will file a list of creditors in this case.  Such a list shall be filed not later than **March 18, 2011**.  In accord with 11 U.S.C. § 925, a proof of claim is deemed filed under 11 U.S.C. § 501 for any claim that appears on the list to be filed by Debtor, except a claim that is listed as disputed, contingent or unliquidated.  Therefore, any creditor holding a listed claim which is not listed as disputed, contingent or unliquidated as to any amount may, but is not required to, file a proof of claim in this case.  Creditors whose claims are not listed or whose claims are listed as disputed, contingent or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on or before a date to be fixed by the Court by future order.  All proofs of claim must be filed either in-person, via United States mail, or electronically with the Clerk of the Bankruptcy Court.  A creditor who desires to rely on the list of creditors to be filed by Debtor has the responsibility for determining that its claim is listed accurately.

**PUBLICATION:**  Debtor shall cause to be published this notice of the commencement of the case and order for relief.  Publication, in accordance with 11 U.S.C. § 923, shall be made at least once per week for three consecutive weeks in at least one newspaper of general circulation in this District and in a newspaper having general circulation among bond dealers and bondholders if Debtor has issued or is party to any bond(s).  Final publication must occur before April 1, 2011.  Proof of publication shall be filed with the Court not later than 14 days after the last publication.

March 2, 2011

*Elizabeth A. Smith* (signature)
_____
Elizabeth A. Smith, Clerk of Court
United States Bankruptcy Court