**United States Bankruptcy Court**
**District of Idaho**

In re  BOISE COUNTY                               Case No.    11-00481-TLM

                    Debtor                                    Chapter 9

**PLAN OF REORGANIZATION DATED JUNE 14, 2011**

**ARTICLE I**

**SUMMARY**

      This Plan of Reorganization (the "Plan") is filed under chapter 9 of the Bankruptcy Code (the "Code"), 11 USC §941 ("The Debtor shall file a plan for the adjustment of the debtor's debts.")  This Plan proposes to pay creditors of Boise County ("Debtor"),  as set forth herein. Funds will be generated from unrestricted funds from State and Federal funding, grants, contract payments, and property taxes.

      This Plan provides for classes of secured claims as set forth below and classes of unsecured claims.  Unsecured creditors holding allowed claims will receive distributions as set forth in this Plan.  This Plan also provides for the payment of administrative and priority claims to Debtor's attorneys and any other professionals retained.  The unpaid administrative claims shall be paid upon the Effective Date of the Plan.

      All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

      <u>Class 1</u>.         PRIORITY CLAIMS:   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2)), and priority tax claims under § 507(a)(8).  None are believed to exist.

*The following Classes 2 and 3 will be paid in full from the "Freddie Mac" account and such other investment accounts as may be necessary to meet this total.*

      <u>Class 2</u>.         CLAIMS UNDER IDAHO TORT CLAIMS ACT:   The holders of the judgment entered in the District Court Case shall receive the sum of $500,000.00 within 90 days

PLAN OF REORGANIZATION–Page 1

after the Effective Date of the Plan or 30 days after allowance of the claim, whichever is later, and shall receive no further sums on this Claim save and except any net recovery from ICRMP, to the extent one is recovered. "Net Recovery" means the amount due from ICRMP, less attorneys' fees and costs of the litigation and appeal.

Debtor will file a Motion for Classification of Claim to determine the amount, *if any*, that will remain due and owing to this holder after payment of the sum of $500,000.00 and (if any) the ICRMP net proceeds. Any sum so determined shall be paid a pro-rata share of the dividend for unsecured general claims. This class is impaired.

Class 3:    MEDICAL INDIGENCY CLAIMS:   This class consists of all obligations which the County is mandated by Idaho constitutional or statutory law to pay and which have sums owing prepetition. This includes claims of physicians, hospitals and other medical providers which have been submitted under the Indigency Program, the amount of which is approximately $550,000.00. Debtor shall seek approval of the Court to determine a bar date for filing of those claims. After the claims are filed and allowed, they shall be paid in full within 90 days after the Effective Date or 30 days after allowance whichever is later. No interest or late charges shall be allowed on such claims. These creditors are impaired.

Class 4:    ADA COUNTY, IDAHO: Ada County is the contracting party with Boise County for providing of jail and related services. The contract was assumed by motion after filing of this case, and the payment for the prepetition arrearage was paid. Since this payment was not paid on time, this creditor is impaired. Payments to Ada County for such services shall continue as per contract.

Class 5.    OTHER UNSECURED CLAIMS:   All general unsecured claims allowed under § 502 of the Code after deducting Classes 2 and 3. These creditors are the general trade debts and open accounts, and the deficiency, if any, which may be allowed under Class 2. These creditors shall receive a pro-rata share of a general payment based on the determination of all General Fund Cash Carryover per year, to be computed annually during the County's budgeting process. This shall have to be determined by each Board of Commissioners annually, based on the then-prevalent financial circumstances. These payments shall continue for a period of 15 years, with first payment commencing on or before December 30, 2011.

Class 6.    MOUNTAIN WEST BANK:   This creditor is secured by general intangibles, receivables and contract rights, with a priority of May 22, 2000. The creditor has not filed a claim but the balance is believed to be $27,203.50. Debtor shall pay the claim at the rate of 6% per annum in installments of $826.68 per month for 36 months, or until the claim is fully paid. Payments shall commence 30 days after the Effective Date. This creditor is impaired.

Class 7.    CONDITIONAL SALE CONTRACTS: These are the equipment purchase agreements which are shown in Schedule G, and which are described in paragraph 5.01 hereafter. Debtor shall seek a determination from this Court as to whether those agreements are "true leases" or "conditional sale contracts." If the latter, then each of them shall be separately

PLAN OF REORGANIZATION–Page 2

classified, and the fair market value of the property determined and paid over 60 months from the Effective Date, at 5% per annum. If the term of the agrement exceeds 60 months, that longer period shall be used.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid over 60 months from the petition date as set forth above. The Plan provides for full payment of both such prioroity claims. The secured claims of these two creditors are treated elsewhere.

3.04    §943(b)(3). Under the provisions of Chapter 9, the statute which provides for the confirmation requirements of this Plan state that all amounts to be paid by the Debtor for services or expenses in the case or incident to the Plan have been fully disclosed and are reasonable. To date, the Law Offices of D. Blair Clark have been paid $_____. More will be needed by not only this firm, but the Special Counsel, for resolution of the legal issues surrounding this case and this Plan. Upon conclusion of the confirmation hearing, the final billings will be submitted to the Court for review.

## ARTICLE IV

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. The schedule of liabilities is prima facie evidence of the validity and amount of the claims of creditors and no formal proof of claim is required unless the claim is scheduled as contingent, disputes or unliquidated, under FRBP 3003 and 11 USC §925.

4.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

4.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim.

PLAN OF REORGANIZATION–Page 3

4.04.    <u>Judgment Creditors' Liens</u>.  With regard to the judgment in favor of Alamar in the District Court Case, all rights to execution and levy shall terminated upon confirmation of this Plan.  Under Idaho Code §11-201, property which could be exempt is not subject to levy.  Under Idaho Code §11-605(5), public buildings, grounds, offices, etc., and real and personal property belonging to a municipality, town, city, county, etc., are exempt from any levy or execution.  These claimants, then, will share under Class 6 above.  Therefore, no judgment <u>liens</u> will survive confirmation, and the Order Confirming Plan shall void the same.

## ARTICLE V

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.01    <u>Assumed and Rejected Executory Contracts and Unexpired Leases</u>.

(a)    The Debtor <u>assumes</u> all executory contracts and/or unexpired leases as shown in the attached Schedule G (which differs slightly from the one originally filed) as of the Effective Date of this Plan, except those that are shown as "potential sale contracts."

(b)    With regard to the contracts identified as "potential sale contracts," Debtor shall file a motion within sixty days after confirmation of this Plan to determine if such contracts are "true leases" or "conditional sales contracts."  If the latter, then all such contracts shall be reamortized over a period of 60 months from the Effective Date, or the duration of the contract, whichever is longer.  Interest charged on the fair market value of the property, or the balance owed (whichever is less) shall not exceed 5%.  If the Court considers them to be "true leases," then they shall be assumed and any arrearages cured.

(c)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 5.01(a) above or to be determined under 5.01(b), or before the date of the order confirming this Plan, upon the Effective Date.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than  (30 ) days after the date of the order confirming this Plan.

## ARTICLE VI

## MEANS FOR IMPLEMENTATION OF THE PLAN AND LIEN AVOIDANCE

Debtor shall continue to operate in accordance with this Plan.  A financial report shall be prepared at least quarterly, and a copy furnished to any named creditor herein on request.

Debtors' payments under the Plan shall be paid by Debtor directly.  Debtor shall calculate the amount of unsecured claims based on comparing the claims filed with the schedules.  Should claims be filed for an unsecured claim, such will be deemed to supercede the amount in the schedules unless it includes precomputed interest, penalties, or other non-allowable amounts, in which case Debtor shall object thereto.

# ARTICLE VII

## GENERAL PROVISIONS

7.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

7.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Idaho govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07    Corporate Governance.  Debtor is a County under Idaho law.  It is operated by a Board of County Commissioners, and various elected officials under Idaho laws and regulations.  The method of administration will not change, but this should not affect any creditors provided for herein.

# ARTICLE VIII

## DISCHARGE

8.01    Discharge.  The Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent and in the manner specified in §944 of the Code.  Debtor is not discharged from any debt except from discharge by the plan or owed to an entity that had neither notice nor actual knowledge of this case.

Respectfully submitted,

                                Boise County, Idaho

By:  /s/ Jamie Anderson
      Jamie Anderson, Chair, Board of Commissioners
      Plan Proponent


By:  /s/ D. Blair Clark
      D. Blair Clark ISB# 1367; OSB# 05030
      Attorney for the Plan Proponent